FILED
United States Court of Appeals
Tenth Circuit

April 21, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KATHLEEN ARBOGAST,

     Plaintiff - Appellant,

v.

STATE OF KANSAS, DEPARTMENT
OF LABOR,

     Defendant - Appellee.

No. 16-3303
(D.C. No. 5:13-CV-04007-JAR)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **McKAY**, and **LUCERO**, Circuit Judges.
_____

Kathleen Arbogast appeals from the district court's order dismissing her

complaint without prejudice for lack of personal jurisdiction under Fed. R. Civ. P.

12(b)(2). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Following the termination of her job with the Workers Compensation Division

of the Kansas Department of Labor (KDOL), Ms. Arbogast sued for discrimination

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

and retaliation in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*

In the caption of her complaint, she named the government defendant as the "State of

Kansas, Department of Labor." Aplt. App. at 9.[1]

KDOL moved to dismiss the complaint on two grounds: (1) it lacked the

capacity to be sued under Kansas law, and (2) Eleventh Amendment immunity. The

district court denied the motion, holding that KDOL waived its Eleventh Amendment

immunity when it accepted federal funds. It also rejected KDOL's capacity argument

as "a mere repackaging of [its] sovereign immunity arguments." *Arbogast v. Kan.*

*Dep't of Labor*, 789 F.3d 1174, 1180 (10th Cir. 2015). On appeal, this court affirmed

the denial of immunity, but declined to address the capacity argument.[2]

On remand, and after the deadline to amend the pleadings had expired,

KDOL renewed its motion to dismiss on the grounds that it lacked the capacity to

be sued. This time the district court granted the motion:

> Where, as here, a governmental subdivision or agency of the State is the
> only named governmental defendant, that defendant does not have the
> capacity to sue or be sued under Kansas law in the absence of statutory
> authority providing otherwise. [Ms. Arbogast] has pointed the Court to no

---

[1] Ms. Arbogast also sued the head of KDOL, Karin Brownlee, individually, for an alleged violation of the Family Medical Leave Act, 29 U.S.C. § 2611 *et seq.* The district court granted Ms. Brownlee's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Ms. Arbogast does not appeal that order.

[2] "The issue of whether KDOL has the capacity to be sued under Kansas law is not coterminous with, or subsumed in, the immunity issue because whether KDOL has the statutory capacity to be sued under Kansas law is irrelevant to our determination of whether Eleventh Amendment immunity bars Ms. Arbogast's claims. It is similarly unnecessary for us to resolve the capacity issue to ensure meaningful review of the immunity issue." *Arbogast,* 789 F.3d at 1181 (citation and internal quotation marks omitted).

2

statutory authority indicating that KDOL has the capacity to be sued. Accordingly, the Court grants [the] motion to dismiss.

Aplt. App. at 81-82 (footnote omitted).

## STANDARD OF REVIEW

"Where the court's jurisdiction is contested, the plaintiff has the burden of proving jurisdiction exists. . . . However, in the preliminary stages of litigation, the plaintiff's burden is light." *AST Sports Sci., Inc. v. CLF Distribution Ltd*., 514 F.3d 1054, 1056 (10th Cir. 2008). If the "district court considers a pre-trial motion to dismiss for lack of personal jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie showing." *Id*. at 1056-57. A prima facie showing may be made "by demonstrating, via affidavit or other written materials, facts that if true would support jurisdiction over the defendant." *Id*. at 1057 (internal quotation marks omitted). "We review de novo the district court's dismissal for lack of personal jurisdiction." *Id*. at 1056 (internal quotation marks omitted).

## ANALYSIS

For a party such as KDOL, its capacity to sue or be sued is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3). Under Kansas law, "subordinate government agencies do not have the capacity to sue or be sued in the absence of statute." *Hopkins v. State*, 702 P.2d 311, 316 (Kan. 1985). Nonetheless, while an agency such as KDOL "may not be able to be sued alone, it may be sued in conjunction with the State." *Mid Am. Credit Union v. Bd. of Cty. Comm'rs*, 806 P.2d 479, 485 (Kan. Ct. App. 1991).

3

Ms. Arbogast argues that the caption of her complaint which describes the government defendant as "State of Kansas, Department of Labor," Aplt. App. at 9, named the State as the defendant. We disagree. The substance of the complaint confirms the only government defendant in her complaint is KDOL—not the State: "Defendant State of Kansas, Department of Labor is a *governmental subdivision of*, and operating pursuant to, the laws of the State of Kansas. Defendant is *an agency* subject to the Rehabilitation Act of 1973 . . . as it receives federal funding." *Id.* at 10 (emphasis added). Kansas is not a government subdivision or an agency.

Moreover, the plaintiff in *Mid American* "sued the State of Kansas by and through the Kansas Department of Revenue," and the "State . . . was [separately] served." 806 P.2d at 484. Here, by contrast, Ms. Arbogast's claim was not made by and through KDOL, and no separate summons was issued to the State.

The judgment of the district court is affirmed.

Entered for the Court

Monroe G. McKay
Circuit Judge

4